AIKEN *v.* GALE.

If two are severally seized, by like title, of separate lots of land, which have been previously mortgaged by their grantor in the same conveyance, and one pays the debt and takes an assignment of the mortgage, he may maintain a writ of entry against the other, and have a conditional judgment for such sum as he ought in equity to receive.

Where the equities of the parties are equal, the owners of several parts of mortgaged property are bound to contribute in proportion to the relative value of their parts; and neither of such parties can, by obtaining an assignment of the mortgage, compel the other to pay more than his ratable proportion of the debt.

WRIT OF ENTRY, on a mortgage to recover possession of lot No. 529, on Chestnut street, in Manchester.   The writ is dated December 29, 1856.

Lots Nos. 528 and 529 were conveyed by Richard H. Ayer to Daniel Gooden, and on the 7th of February, 1846, Gooden conveyed said two lots to Luther Farley, in mortgage, with the condition to secure the payment of a note of five hundred dollars, of even date with said mortgage, payable in one year from its date, with interest.

Subsequent to the mortgage to Farley, Gooden conveyed lot No. 528 to Thomas P. Webber, by quitclaim deed in common form, who is now in possession of said lot, and Gooden gave him an agreement or bond to save him harmless from the mortgage on said lot No. 528. Gooden, within one or two years subsequent to the date of the deed to Webber, failed in business, and has since been insolvent.

Subsequent to said mortgage, Gooden conveyed lot No. 529 to said Richard H. Ayer, by quitclaim deed in common form.

Afterwards, Farley brought an action on said mortgage against Webber, to forclose the same, but before any writ of possession issued, Stephen D. Green, at the request of Webber, and upon Webber's furnishing him the money, paid said mortgage note, together with interest and cost which had accrued thereon, and took an assignment of the mortgage, running to himself. While Green held the mortgage and note under said arrangement, he gave to Webber a quitclaim deed in common form of lot No. 528. Green afterwards assigned the mortgage to one Samuel Andrews, and Andrews afterwards assigned it to Luther Aiken, the plaintiff of record.

It was agreed, for the purposes of the case, that the two lots of land were of equal value.

Aiken, the plaintiff of record, has no interest in the suit. Thomas P. Webber is the real plaintiff in interest.

Amos G. Gale, the defendant, is now in possession, claiming as the residuary devisee of Ayer, and was so in possession at the time of the commencement of his suit.

It was agreed that the questions arising upon the foregoing statement of facts be submitted to this court for determination, and that conditional judgment should be rendered for the plaintiff for such sum as the court may think proper, or judgment for the defendant, as the court may order—reserving, however, to either party the right to go to a jury upon any new facts deemed material.

*Cross & Topliff*, for the plaintiff.

The case finds Thomas P. Webber to be the real plaintiff in interest, and he may, therefore, be treated as the actual assignee of the mortgage.

The assignment of the mortgage to Webber, although it might operate as a discharge thereof as to lot No. 528, by merging the legal and equitable title in the same person, yet Webber remained the assignee of an undischarged mortgage, so far as lot No. 529 is concerned, and entitled to contribution from the owner of lot No. 529 for such proportional part of the mortgage debt as the value of lot No. 529 bore to lot No. 528. 3 N. H. 294; 6 N. H. 25; 7 N. H. 100; 5 Pick. 259.; 14 N. H. 61; 1 Hilliard on Mortgages 279. The case finds the two lots to have been of equal value; therefore each lot should pay one half of the mortgage debt.

The agreement or bond given by Gooden to Webber was a personal matter, in which Gale had no interest, and under which he could claim no rights, and upon which Webber could have had no remedy until he paid the mortgage debt to Farley; and there seems to be no good reason why he should be compelled to look to Gooden for indemnity for the amount which lot No. 529 should contribute towards the mortgage debt, rather than to the higher security of the mortgage upon lot No. 529, which he held as assignee, and as such entitled to contribution from said lot.

The case finds that Webber paid the full amount of the mortgage. The assignment of the mortgage to Green

from Farley was made on the twelfth day of December, 1853, and Gooden had for some three or four years been insolvent.

*Morrison & Stanley,* for the defendant.

This action cannot be maintained:

1. Because it is in the name of a nominal plaintiff; one who neither in law or fact has any right to demand of the tenant the possession of the premises. That Aiken is nothing more than a nominal plaintiff is conceded, and it is also conceded and the case finds that Webber, the owner of lot No. 528, is the actual plaintiff, and owner of the mortgage, and has been so since the payment to Farley by Green.

Green had no interest in the mortgage or in the land. He was simply acting as the agent for Webber. Webber furnished the money with which to pay Farley, and with which to settle the suit of Farley against him. In order to maintain a writ of entry the plaintiff must have actually entered upon the demanded premises, or have the right to enter; and if he recover it must be upon the strength of his own title, and not upon the weakness of that of the defendant's. Chitty on Pleading 150, and notes, and cases there cited.

2. The mortgage debt was paid and discharged by Webber, and the mortgage thereby became extinguished.

3. If the payment by Webber does not operate to discharge and extinguish the mortgage, then, before this action can be maintained, Webber should assign or offer to assign to the defendant the bond given by Gooden to him to indemnify him against said mortgage. *Riddle* v. *Bowman,* 27 N. H. (7 Foster) 236.

EASTMAN, J. The cases are numerous which hold that payment of a debt secured by a mortgage may operate either as a discharge of the mortgage or an assignment, as

may best subserve the purposes of justice. *Robinson* v. *Leavitt*, 7 N. H. 100; *Bell* v. *Woodward*, 34 N. H. 90; *Wilson* v. *Kimball*, 27 N. H. (7 Foster) 300; *Bailey·* v. *Willard*, 8 N. H. 429; *Barker* v. *Parker*, 4 Pick. 505; *Thompson* v. *Chandler*, 7 Greenl. 377; *Hatch* v. *Kimball*, 7 Shep. 9.

If the payment be made by a third person, who has an interest to protect, it may operate as an assignment, even if the mortgage be formally discharged. *Rigney* v. *Lovejoy*, 13 N. H. 252; *Robinson* v. *Leavitt*, 7 N. H. 99, 101.

And one who has paid money due upon a mortgage of land, to which he had a title which might have been defeated thereby, has a right to hold the land as if the mortgage subsisted, until he shall have received the money due on it from some one who is entitled to redeem. *Towle* v. *Hoit*, 14 N. H. 61; *Pratt* v. *Law*, 9 Cranch 498; *James* v. *Morey*, 2 Cowen 246; *Starr* v. *Ellis*, 6 Johns. Ch. 395; *Lockwood* v. *Sturtevant*, 6 Conn. 374.

In equity, the party entitled to an assignment of a mortgage may be regarded as subrogated to the rights of the mortgagee without an assignment. *Jenness* v. *Robinson*, 10 N. H. 219; *Downer* v. *Fox*, 5 Wash. 393; *Parkman* v. *Welsh*, 19 Pick. 238. And in *Furbush* v. *Goodwin*, 25 N. H. (5 Foster) 425, it was held that nothing more is necessary to discharge the interest of a mortgagee, and revest the estate fully in the mortgager, than the payment of the debt, or the performance of the duty, the payment or performance of which the mortgage was intended to secure.

In *Taylor* v. *Bassett*, 3 N. H. 294, where two were severally seized of distinct parcels of a tract of land, which had been previously mortgaged to a third person, and one of them had paid the debt and taken an assignment of the mortgage, it was held that he might consider the mortgage as discharged, and bring an action for contribution, or consider it as subsisting, and hold the land till the other paid a reasonable contribution. The principle of that case is recognized in *Robinson* v. *Leavitt*, 7 N. H. 109;

*Taylor* v. *Porter,* 7 Mass. 355 ; *Allen* v. *Clark,* 17 Pick. 47 ; *Salem* v. *Edgerly,* 33 N. H. 46 ; *Jenness* v. *Robinson,* 10 N. H. 219, and other cases that might be cited.

In *Gibson* v. *Crehore,* 5 Pick. 152, it is said that if several estates are mortgaged by one mortgage, and the mortgager afterwards conveys the estates separately to different persons, although each owner of the separate estates may redeem, yet it can only be allowed upon the payment of the whole mortgage debt. And the party so redeeming will be entitled to hold the whole estate mortgaged until he shall be reimbursed what he has thus been compelled to pay beyond his due proportion. *Hubbard* v. *Ascutney Mill Dam Co.,* 20 Vermont 402.

Where the equities of the parties are equal, the owners of several parts of mortgaged property are bound to contribute in proportion to the relative value of their parts ; and neither of such parties can, by obtaining an assignment of the mortgage, compel the other to pay more than his ratable proportion of the debt. *Salem* v. *Edgerly,* 33 N. H. 46 ; *Allen* v. *Clark,* 17 Pick. 47 ; *Stevens* v. *Cooper,* 1 Johns. Ch. 425 ; *Doe* v. *Thompson,* 22 N. H. (2 Foster) 218 ; *Parkman* v. *Welch,* 19 Pick. 238.

Upon these principles, which we regard as well established by the authorities, it is manifest that the demandant is entitled to a conditional judgment upon the mortgage. The legal title is in him, and the action may be maintained in his name for the benefit of Webber. The payment of the money to the mortgagee by Webber did not necessarily operate as a discharge of the mortgage, and the demandant has the right, for Webber, to hold both lots until the tenant, or those whose interests he represents, shall pay what in equity he ought.

The only question about which we have had any serious doubt in the case, is, as to the sum for which the conditional judgment should be entered up ; whether for the full amount of the debt secured by the mortgage, or for

such sum only as upon an examination in equity it should be found the tenant ought to pay.

And this leads, in the first place, to the inquiry how far, under the statute, the court may go into the equities between the parties to a mortgage, or those holding their rights, in making up a conditional judgment upon a writ of entry on such mortgage.

By the practice in this State, in actions brought by a mortgagee to recover possession of the mortgaged premises, the mortgagee has his election to count generally upon his own seizin in his demesne as of fee, without any mention of the mortgage, either before or after condition broken; and if the tenant suffers default or pleads such plea as does not bring the mortgage to the notice of the court, so that a conditional judgment may be taken, the usual common law judgment is entered, and the tenant, if there is any disagreement relative to a redemption, or as to the amount due, will have to resort to his petition to the court or to his bill in equity. But if the mortgagee commences his action, counting upon the mortgage deed with a *profert*, or upon a seizin in fee and in mortgage, there can be no judgment entered for the demandant but the conditional one prescribed by the statute. *McDaniel* v. *Cater*, 21 N. H. (1 Foster) 229; *Briggs* v. *Sholes*, 14 N. H. 266.

The general issue to a special count upon a seizin in fee and in mortgage puts in issue only the title of the plaintiff under the mortgage; and if the mortgage is not properly and legally executed, or if it has been fully paid, so as to have no longer any legal effect, the issue will be made out for the defendant. The performance of the condition makes void the mortgage. *Batchelder* v. *Taylor*, 11 N. H. 129, 131; Rev. Stat., chap. 131, sec. 4; *Swett* v. *Horn & als.*, 1 N. H. 332.

But if the mortgage is duly executed, and any sum is shown to be due, the plaintiff will be entitled to his con-

ditional judgment. The amount for which this judgment is to be entered cannot be determined upon the general issue; and the finding of the jury upon that plea, of the sum due upon the mortgage, is not evidence upon the hearing to establish the amount for which the judgment is to be entered. *Batchelder* v. *Taylor*, 11 N. H. 129.

If the issue is found for the plaintiff, or if the defendant suffers default without plea, or confesses the cause of action, the court decide what sum is due, upon independent evidence laid before them.

In an action founded. upon an alleged seizin in fee generally, if the tenant confesses the demandant's seizin in fee and in mortgage, and denies any seizin except in mortgage, or if he pleads that the plaintiff is seized in mortgage and not otherwise, and judgment is entered on such confession, or the issue is found for the tenant on such plea, none but a conditional judgment can be entered. *McDaniel* v. *Cater*, 21 N. H. (1 Foster) 229 ; *Bickford* v. *Daniels*, 2 N. H. 71. And where the count is in that form, the tenant, after default or verdict, may plead in bar, or file a suggestion, against any other judgment than one of mortgage, averring that the title of the demandant is only by mortgage. This the demandant may admit by demurrer, or deny by taking issue on the facts averred; and in the latter case the issue can be tried by jury, and the question settled by common law principles. If the fact should be found for the tenant, a conditional judgment would then be made up by the court upon other evidence; but if the finding should be against the allegation that the action is upon a mortgage, the plaintiff would be entitled to have the plea set aside. *Briggs* v. *Sholes*, 14 N. H. 266, 267 ; *Bickford* v. *Daniels*, 2 N. H. 71. And this suggestion may also be filed in any stage of the proceedings, whether before or after verdict. *Briggs* v. *Sholes*, 14 N. H. 262.

In theory, the court assess the damages and settle the amount for which the conditional judgment is taken, but

in practice, in all ordinary cases, where nothing is to be done but simply to ascertain the amount due upon the notes secured by the mortgage, the computation is made by the demandant's attorney. In cases of doubt, however, and requiring an examination of evidence independent of what appears upon the notes themselves, the court investigate the matter and settle the amount for which the judgment shall be taken.

But can the court, under the statute, go into all the equities between the parties, and determine, in this form of action, the amount which the tenant should in equity pay in order to hold the land?

The provision of the statute is as follows: " In actions on mortgages the judgment shall be conditional, that if the mortgager, or person having his right, shall pay to the mortgagee, or person having his right, the sum the court shall adjudge due, within two months after judgment rendered, with interest, such judgment shall be void, otherwise a writ of possession shall issue."

The proceeding by which the amount is determined for which judgment is to be entered, has usually been termed a " hearing in chancery." Thus in *Batchelder* v. *Taylor*, 11 N. H. 129, *Parker*, C. J., in speaking of the finding of the jury upon the general issue, says that it "cannot be received in evidence on the hearing in chancery." And so is the marginal note to the case. In *Bickford* v. *Daniels*, 2 N. H. 72, *Woodbury*, J., says, " and concerning mortgages, our power as a court of *equity* does not begin until the conveyance in question is first ascertained to be a mortgage." And by the statute then in force the court were empowered to " chancer the forfeiture." 1 N. H. Laws 63. In the change of phraseology that has been adopted in the statutes giving power to the court to determine the amount for which the conditional judgment shall be entered, it has not been understood that there has been any material change in the law.

In *Briggs & al.* v. *Sholes*, 14 N. H. 262, it was held that, in a writ of entry on a mortgage, the defendent has the right to have the triple deduction allowed by the statute for usury to be made from the whole sum due, and that the conditional judgment should be made up for the balance only.

In *Stewart* v. *Clark*, 11 Met. 389, which was a writ of entry to foreclose a mortgage, *Shaw*, C. J., says, that the provision of the statute will authorize the court to enter any decree which may be made in an equity suit, in order to accomplish the purposes of the mortgage, and to issue any process to carry such decree into effect.

The Massachusetts statute is more specific in its provisions than ours, and may perhaps give larger powers. In the case cited, an auditor was appointed " to assess damages for a conditional judgment."

Cross actions are always to be avoided when, by the principles of law, they may be; and although we think that, where the matters between the parties interested in a mortgage are complicated, the better practice is for a bill in equity to be brought to foreclose the mortgage, instead of a writ of entry for possession, and that there may be cases where the court would not investigate the matters in making up a conditional judgment, but turn the party round to a bill in equity, still, that the statute is comprehensive in its meaning and intention, sufficiently so to cover the present case ; and that the equities between the parties may be examined in determining the sum for which the judgment shall be rendered.

But what ought that sum to be ? The case finds that the lots are of equal value, and if the parties are in *equali jure*, then each should contribute an equal proportion towards the extinguishment of the debt. *Stevens* v. *Cooper*, 1 Johns. 425 ; *Salem* v. *Edgerly*, 33 N. H. 46; *Herbert's Case*, 3 Co. 14; *Harris* v. *Ingleden*, 3 P. Wms. 98, 99.

Both parties hold under quitclaim deeds from Gooden.

Aiken v. Gale.

They have like titles from the same grantor, and would seem to be in the same position, unless there is something growing out of the bond or agreement, given by Gooden to Webber, to save him harmless from the mortgage on lot No. 528, which should alter that position.

There is no suggestion in the case that Ayer had any actual knowledge or notice of that instrument, and nothing is disclosed that should put him on inquiry. The bond was not a matter for record. The existence of the mortgage was known, and Gooden conveyed to both Webber and Ayer by quitclaim deeds only. Had the deed to Webber been a warrantee with full covenants, or had it contained a covenant embracing the condition in the bond, it would become a question for examination, whether, upon such a state of facts, Ayer or the tenant, standing in the position of their grantor, could successfully defend lot 529 against the payment of the whole mortgage debt. *Cushing* v. *Ayer*, 23 Maine 383; *Champion* v. *Brown*, 6 Johns. Ch. 402.

Such, however, are not the facts. All that was given by Gooden to Webber, to save him from the effect of the mortgage, was the agreement, which was nothing but a personal undertaking by Gooden, and could not in any way affect the title to the land. It was no part of the title, was not incorporated in the deed, and was no incumbrance upon the land; but was simply a personal obligation, to which Webber could resort in case of a breach of the condition, and to which he may now resort, if he sees fit. The solvency of Gooden was a matter to which he should have looked when he took the bond.

So far, then, as this case shows, the parties are in *equali jure*, and the lots of land, being of equal value, they must contribute equally to the extinguishment of the mortgage debt.

The demandant must, therefore, have a conditional judgment for one half the amount due upon the mortgage.